# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW MOYNIHAN,** *et al.* | : | **CIVIL ACTION** |
| *Plaintiffs, pro se* | : | |
| | : | **NO. 18-4388** |
| **v.** | : | |
| | : | |
| **THE WEST CHESTER AREA SCHOOL DISTRICT** | : | |
| | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                  OCTOBER 15, 2019

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiffs Andrew and Karen Moynihan ("Plaintiffs"), the parents of C.M., filed this *pro se* action against Defendant the West Chester Area School District ("Defendant") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*[1] [ECF 2]. Subsequently, Defendant filed a *motion for judgment on the pleadings* pursuant to Federal Rule of Civil Procedure ("Rule") 12(c), arguing that Plaintiffs' claims are precluded by pre-existing agreements between the parties.[2] [ECF 22]. Plaintiffs filed a response in opposition to Defendant's motion. [ECF 23].

---

[1] The IDEA was amended and renamed the Individuals with Disabilities Education Improvement Act (the "Act"), effective July 1, 2005. *See* Pub. L. No. 108-446, 118 Stat. 2715 (2005). Notwithstanding this change in the name of the statute, courts and litigants, including the parties in this action, continue to refer to this statute as the IDEA. *See, e.g.*, *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 873 F.3d 406, 408 (3d Cir. 2017). For purposes of clarity and consistency, this Court will refer to the Act as the IDEA in this Memorandum Opinion.

[2] Though not relevant to this Court's decision, the agreements referenced by Defendant pertain to either: (1) course placement waivers, which allow parents of students to override teachers' recommendations for which classes the student will take, or (2) education plans for students covered under the IDEA and any future disputes or litigation that stem from such plans.

Notwithstanding the pending motion, this Court has an independent obligation to examine whether jurisdiction exists over any action and may do so *sua sponte*.[3] In fulfillment of that duty, this Court has carefully considered the facts in this matter and, for the reasons set forth herein, finds that subject-matter jurisdiction does not exist. As such, this case is dismissed.

**BACKGROUND**

On March 31, 2016, Plaintiffs filed a series of due process complaints with the Pennsylvania Office for Dispute Resolution against Defendant, alleging that their then-minor child, C.M., who has Asperger Syndrome, was denied a free appropriate public education ("FAPE") in his ninth, tenth, and eleventh grade school years. (Compl. pp. 2-3, 11, 21).[4] In support of these claims, Plaintiffs allege, *inter alia*, that the school: (1) denied C.M. a spot on the baseball team, (2) gave C.M. adapted tests in Chemistry class but no additional support, (3) put forth insufficient effort to address bullying that C.M. was experiencing at school, (4) provided an unqualified tutor for science and math classes, (5) recommended that C.M. enroll in lower-level classes than Plaintiffs thought were appropriate for C.M., (6) held an insufficient number of meetings to discuss C.M.'s Individualized Education Program ("IEP"), and (7) required Plaintiffs to accept responsibility for any additional support that C.M. might have required as a result of

---

[3] *See* Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (holding that courts have an independent obligation to determine if they have subject-matter jurisdiction and can raise related concerns *sua sponte*).

[4] For ease of reference, all citations to the complaint refer to the pagination of ECF 2, without differentiating between the main text of Plaintiffs' complaint and Exhibit A. Within ECF 2, Exhibit A begins on page fourteen (14).

Plaintiffs' insistence on overriding the teachers' recommendations and placing C.M. in more advanced classes.[5] Defendant argues that it did provide C.M. with a FAPE.

Several due process hearings were held in 2017 and 2018, presided over by Hearing Officer Charles W. Jelley (the "Hearing Officer"), who heard extensive testimony and arguments from the parties. (*Id*. at 2, 20). Ultimately, the Hearing Officer denied Plaintiffs' FAPE claims and found, *inter alia*, that Defendant provided C.M. with a FAPE during the school years at issue. (*Id*. at 3, 72). On October 10, 2018, Plaintiffs filed the underlying complaint appealing the Hearing Officer's decision and requesting this Court to "completely reverse the [d]ecisions of [the Hearing Officer] . . . and find in [their] favor in all matters set forth therein."[6] (*Id*. at 13). At the end of the 2017-18 academic year, C.M. graduated and received a high school diploma, and later enrolled in community college.[7]

**LEGAL STANDARD**

As noted, a federal court has an independent duty to determine whether subject-matter jurisdiction exists over all matters before the court.[8] The United States Constitution limits a federal court's jurisdiction to the adjudication of actual, ongoing cases and controversies. U.S. CONST.

---

[5] References to Plaintiffs' complaint for this list are as follows: (1) pp. 7-8, (2) p. 8, (3) pp. 8-9, (4) pp. 9-10, (5) pp. 10-11, (6) p. 12, and (7) pp. 5-7, 10-11.

[6] Plaintiffs did not request any more specific relief in their complaint. Even in their response to Defendant's *motion for judgment on the pleadings*, Plaintiffs simply ask that this Court "enter a judgment in [their] favor". [ECF 23 at 1].

[7] Plaintiffs reference C.M.'s graduation and diploma receipt multiple times across multiple filings, including: (1) Plaintiffs' reply to Defendant's answer, [ECF 20 at 11]; and (2) Plaintiff's complaint in a related matter before this same Court involving the same child and same defendant. Complaint at 5, 9-10, Exhibit A at 25, 31, *Moynihan v. West Chester Area Sch. Dist.*, No. 19-cv-648 (filed Feb. 14, 2019), ECF 3.

[8] *See supra* note 2.

3

art. III, § 2; *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003). "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Donovan*, 336 F.3d at 216 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotations omitted). Thus, a court's "ability to grant effective relief lies at the heart of the mootness doctrine." *Id.* at 216. If developments occur during the course of a case's adjudication that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* at 216 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

Generally, cases brought on behalf of students that challenge a school's policy or actions are typically moot upon the student's graduation because a live case or controversy justifying declaratory or injunctive relief then ceases to exist. *Id.* at 216.[9] However, an "extremely narrow" exception applies *only* when a student's claims are "'capable of repetition, yet evading review.' For the exception to apply, 'the challenged action [must be] too short in duration to be fully litigated before the case . . . become[s] moot' and 'there [must be] a reasonable expectation that the complaining party will be subjected to the same action again.'" *Mirabella v. William Penn Charter Sch.*, 752 F. App'x 131, 133-34 (3d Cir. 2018) (citing *Donovan*, 336 F.3d at 217). Notably, the United States Court of Appeals for the Third Circuit ("Third Circuit") has repeatedly held that this exception does not apply to students who have graduated and will not be returning to the underlying school. *See, e.g., Mirabella*, 752 F. App'x at 134 ; *K.K. v. Pittsburgh Pub. Sch.*, 590 F. App'x 148, 154 n.4 (3d Cir. 2014); *Donovan*, 336 F.3d at 217.

---

9 In *Donovan*, the Third Circuit also references a series of cases supporting this principle, including cases from the United States Supreme Court and the Fourth, Seventh, Ninth, and Fifth Circuits. *Donovan*, 336 F.3d at 216.

4

Under the IDEA, plaintiffs can seek injunctive relief and, in some cases, reimbursement for services that a school failed to provide; however, compensatory and punitive damages are not available under the statute. *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 184-86 (3d Cir. 2009). The IDEA entitles a qualifying disabled student to a FAPE until the student either graduates, or passes the age of twenty-one. 20 U.S.C. § 1412(a)(1)(A) (FAPE required "between the ages of 3 and 21"); 34 C.F.R. § 300.102(a)(3)(i) ("The obligation to make FAPE available . . . does not apply with respect to . . . [c]hildren with disabilities who have graduated from high school with a regular high school diploma."); *accord Bd. of Educ. v. Nathan R.*, 199 F.3d 377, 381 (7th Cir. 2000); *Moseley v. Bd. of Educ. of Albuquerque Pub. Schs.*, 483 F.3d 689, 692-93 (10th Cir. 2007); *D.C. v. Mount Olive Twp. Bd. of Educ.*, No. 12–5592, 2014 WL 1293534, at *31 (D. N.J. Mar. 31, 2014). Thus, injunctive relief is not available once a student graduates, and "any claim that a FAPE was deficient becomes moot." *T.S. v. Indep. Sch. Dist. No. 54*, 265 F.3d 1090, 1092 (10th Cir. 2001); *cf. Mirabella*, 752 F. App'x at 134 (finding that any injunctive relief under the Americans with Disabilities Act would have "no impact on [a graduated student] whatsoever[,]" thus the former student's claims were moot and did not present an actual case or controversy).

**DISCUSSION**

Here, Plaintiffs appeal the Hearing Officer's 2018 decision that Defendant did not deny C.M. a FAPE during C.M.'s ninth, tenth, and eleventh grade school years, and request that this Court "completely reverse the [d]ecisions of [the Hearing Officer] . . . and find in [their] favor in all matters set forth therein."[10] (Compl. p. 13). As discussed above, the tenor of Plaintiffs' complaint and subsequent pleadings is for injunctive relief; relief that cannot be granted.

---

10   *See supra* note 4.

C.M. graduated from high school at the end of the 2017-18 academic year and received a diploma.[11] Upon C.M.'s graduation, C.M. ceased to be a high school student whose education falls under the purview of the IDEA. Therefore, C.M. is no longer entitled to a FAPE or the protections afforded by the IDEA. Since Defendant is no longer obligated to provide C.M. with a FAPE, this Court cannot provide any injunctive relief that might have stemmed from a review of the Hearing Officer's decision. Thus, based on the case law and statutes cited, Plaintiffs' challenges to Defendant's actions are deemed moot and do not present a live case or controversy.

As to the aforementioned exception for claims "capable of repetition yet evading review," said exception does not apply in this case. Clearly, now that C.M. has graduated and enrolled in college, there is no reasonable expectation that C.M. might again be subjected to the same action or ever return to the school district as a student subject to Defendant's decisions regarding an IEP, nor will Defendant ever be required to provide C.M. with a FAPE in the future. Further, the mere possibility that other individuals could bring similar claims in the future does not save a case from mootness. *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 480 (1st Cir. 1997) (citing *Lane v. Williams*, 455 U.S. 624, 634 (1982)).

**CONCLUSION**

For the reasons stated herein, this matter does not present an actual case or controversy. Therefore, all claims against Defendant are dismissed for lack of subject-matter jurisdiction. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO*, U.S.D.C. J.

---

[11]     *See supra* note 5.